MUNGER et, Plaintiffs-Appellants, v. FOUREMAN, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4710.   Decided March 6, 1953.

Paul A. Griffith, William J. Lowry, Columbus, for plaintiffs-appellants.
E. S. Morton, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment entered on behalf of defendant after the trial judge had sustained a demurrer to plaintiffs' reply to the amended answer, plaintiffs electing to plead no further.

The action by plaintiffs was for damages which they claimed to have sustained by reason of the failure of defendant to perform what the plaintiffs contend is an option contract.

The facts are that plaintiffs had listed for sale certain real property which they owned, with a broker by the name of Will King. The listing was not exclusive but was made generally with the brokers of Columbus. On the 25th of August, 1950, defendant, in a written offer to King, proposed to buy the real estate for the sum of $20,000.00 in cash. By the further provisions of this proposal, plaintiffs were given until midnight, August 26, 1950, to accept or reject the offer to purchase. It is averred that prior to the expiration of the option date plaintiffs accepted the offer. It is further averred that on the 25th of August, 1950, defendant, by telephone, informed one of the plaintiffs that he would not perform the terms of his proposal. Plaintiffs plead readiness and willingness to perform and the refusal on the part of the defendant and plead a loss of $2,000.00 by reason of a sale of the property to another purchaser at a sum less than the listed price.

The answer to the amended petition in a first defense is a general denial. For a second defense, the defendant pleads the execution of the

130

written offer on the day alleged, the notification to the plaintiffs at 7.00 P. M. December 26, 1950, before their acceptance of his proposal, of his withdrawal of the written offer to purchase the real estate. To this answer the plaintiffs replied setting up a clause of the contract of purchase as follows:

"**Duration of Offer**: In consideration of your services and your agreement to submit this offer promptly, the Buyer hereby agrees that this offer shall be open for acceptance to midnight, August 26th, 1950."

It is alleged that this provision of the contract is a valid and binding option for a consideration and that by its terms the attempted withdrawal of defendant from his proposal to purchase the property was invalid. To this reply a general demurrer was interposed which was sustained.

Judge Reynolds, who passed on the demurrer, wrote two short opinions in the first of which he relied upon the general proposition that the defendant had the absolute right to withdraw his offer at any time before it was accepted by plaintiffs. Upon reconsideration in a second opinion, he held that no consideration moved to the plaintiffs by that provision of the contract which we have heretofore quoted.

We are in accord with these opinions of Judge Reynolds and affirm the judgment for the same reasons as therein expressed.

Judgment affirmed.

WISEMAN, PJ, MILLER, J, concur.